IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CITY ANTIQUES, INC.**, an Oregon corporation d/b/a Classic Home & Antique,<br><br>    Plaintiff,<br><br>    v.<br><br>**PLANNED FURNITURE PROMOTIONS, INC.**, a Pennsylvania corporation,<br><br>    Defendant. | Case No. 3:14-cv-00467-SI<br><br>**OPINION AND ORDER** |

William D. Brandt, WILLIAM D. BRANDT PC, 880 Liberty Street N.E., Salem, OR 97301; Robert J. Custis, ROBERT J. CUSTIS, PC, 880 Liberty Street N.E., Salem, OR 97301. Of Attorneys for Plaintiff.

Joshua J. Stellmon, HAGLUND KELLEY LLP, 200 S.W. Market Street, Suite 1777, Portland, OR 97201. Of Attorneys for Defendant.

PAGE 1 – OPINION AND ORDER

**Michael H. Simon, District Judge.**

Plaintiff City Antiques, Inc. ("City Antiques") and Defendant Planned Furniture Promotions, Inc. ("Planned Furniture") entered into a contract governing Planned Furniture's assistance with a sale promotion and the liquidation of City Antiques' inventory. The sale promotion was not as successful as City Antiques had hoped or expected it would be. Planned Furniture filed suit in federal court in Connecticut on March 5, 2014. Almost three weeks later, City Antiques filed suit in this Court on March 21, 2014. Planned Furniture moves to dismiss this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue and pursuant to the "first-to-file" rule. For the reasons stated below, the Court grants Planned Furniture's motion.

## STANDARDS

Rule 12(b)(3) of the Federal Rules of Civil Procedure permits a court to dismiss an action based on improper venue. Fed. R. Civ. P. 12(b)(3). A party may assert this defense before filing a responsive pleading. In considering such a motion, the "pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)). Where there are factual conflicts, the court must resolve the disputed facts in favor of the non-moving party, and must draw all reasonable inferences in the non-moving party's favor. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

## BACKGROUND

### A. The Contract Dispute

Plaintiff City Antiques owned a retail furniture store in Portland, Oregon. City Antiques is an Oregon corporation with its principal place of business in Oregon. Defendant Planned Furniture is a consulting company that provides promotional services to retail furniture stores

PAGE 2 – OPINION AND ORDER

throughout the United States, including store closing, going out of business, and liquidation sales. Planned Furniture is a Pennsylvania corporation with its principal place of business in Connecticut.

In May 2013, City Antiques entered into negotiations with Planned Furniture for City Antiques to retain Planned Furniture to assist City Antiques with a "high impact promotional sale," in particular a "going out of business sale." During these negotiations, City Antiques requested projections from Planned Furniture relating to the going out of business sale. Planned Furniture provided projections, but noted that they were "forward looking," "subject to risks, uncertainties, and assumptions," and that the "actual results of the sale promotion may differ materially and adversely from those expressed or implied." In its projections, Planned Furniture presented City Antiques with a draft *pro forma* of "Gross Sales of $2,575,000.00" that "included a Projected Furniture Profit of 11%." On May 31, 2013, the parties entered into the "Sale Promotion Consulting Agreement" (the "SPCA"), which is governed by Oregon law. The parties amended the SPCA on July 8, 2013, and added a Valuation of Company on or about July 9, 2013, both of which are incorporated into the SPCA.

City Antiques alleges that although the projected sales provided by Planned Furniture were within a few thousand dollars of the draft *pro forma*, the actual costs resulted in a loss during the going out of business sale. City Antiques further alleges that it did not receive payments due under the SPCA and additional payments related to the sale of its inventory. Planned Furniture contends that after signing this agreement, City Antiques took deceptive actions and breached the SPCA, including its representations and warranties.

**B. The Connecticut Action**

On March 5, 2014, Planned Furniture filed suit against City Antiques in the United States District Court for the District of Connecticut (the "Connecticut Action"). *Planned Furniture*

PAGE 3 – OPINION AND ORDER

*Promotions, Inc. v. City Antiques, Inc.*, Case No. 3:14-cv-00279-MPS (D. Conn. 2014). In that lawsuit, Planned Furniture alleges four claims for relief: breach of contract, fraud, unjust enrichment, and declaratory relief. With regard to its claim for declaratory relief, Planned Furniture based its allegation on its belief that City Antiques would make "false allegations" against Planned Furniture, even though it was City Antiques, Planned Furniture contends, that breached the SPCA, operated in a fraudulent manner, and caused the going out of business sale to be a loss.

On April 11, 2014, City Antiques filed a motion to dismiss in the Connecticut Action for lack of personal jurisdiction and a separate motion to transfer the case to another venue. On May 2, 2014, Planned Furniture filed its opposition to both motions. The federal court in Connecticut has not yet ruled on City Antiques' motions.

## C. The Oregon Action

On March 21, 2014, almost three weeks after Planned Furniture filed the Connecticut Action, City Antiques filed suit in this district (the "Oregon Action"). City Antiques alleges seven claims for relief: declaratory relief, breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, accounting, negligent misrepresentation, and fraud. Regarding its claim for declaratory relief, City Antiques requests a judgment interpreting the terms of the SPCA and its amendments and resolving the dispute between the parties related to the SPCA, as amended. On May 22, 2014, Planned Furniture filed a motion to dismiss the lawsuit currently pending before this Court.

## DISCUSSION

### A. First-to-File Rule

Under the first-to-file rule, the interests of comity, efficiency, and judicial economy give district courts discretion to "transfer, stay, or dismiss" the more recently filed of two

PAGE 4 – OPINION AND ORDER

substantially similar actions pending in different courts. *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952), other citations omitted). If a later complaint is filed in a second court involving the same parties and issues as the first, then the rule "should not be disregarded lightly." *See Alltrade*, 946 F.2d at 625 (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). The principle behind the rule is to "avoid duplicative litigation" and "to promote judicial efficiency." *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (citations and quotation marks omitted).

Generally, application of the rule turns on three factors: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. *See, e.g.*, *Alltrade*, 946 F.2d at 625. The "rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Thus, the rule will not apply if a court determines that equitable interests counsel otherwise; typical exceptions to the rule include "bad faith, anticipatory suit, and forum shopping." *See Alltrade*, 946 F.2d at 628 (citations omitted).

   **1. Chronology of the Actions**

"The first consideration in applying the first-to-file rule is the chronology of the actions." *Herer v. Ah Ha Publ'g, LLC*, 927 F. Supp. 2d 1080, 1088 (D. Or. 2013); *Alltrade*, 946 F.2d at 625. On March 5, 2014, Planned Furniture filed the Connecticut Action. City Antiques filed the Oregon Action almost three weeks later on March 21, 2014. Therefore, the Oregon Action is the second-filed action. This consideration favors the application of the first-to-file rule.

   **2. Similarity of the Parties**

"The second consideration in applying the first-to-file rule is the similarity of the parties in the two actions." *Herer*, 927 F. Supp. 2d at 1089; *Alltrade*, 946 F.2d at 625. This requirement

is "satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008); *see Diversified Metal Prods., Inc. v. Odom Indus., Inc.*, 2012 WL 2872772, at *3 (D. Idaho July 12, 2012); *Walker v. Progressive Cas. Ins. Co.*, 2003 WL 21056704, at *2 (W.D. Wash. May 9, 2003). Permitting application of the first-to-file rule where there is "substantial overlap" is grounded in "principles of comity and sound judicial administration." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).

City Antiques and Planned Furniture are the only parties in both the first-filed Connecticut Action and the second-filed Oregon Action. Because the parties are identical, this consideration favors the application of the first-to-file rule. *See Alltrade*, 946 F.2d at 625-26 (applying the first-to-file rule where the identity of the parties involved was the same); *Global Experience Specialists, Inc. v. Cunniffe*, 2014 WL 3748931, at *5 (D. Nev. July 30, 2014) (reasoning that because the "parties [were] the same" in two actions, there was a sufficient basis "to warrant application of the first-to-file rule").

### 3. Similarity of the Issues

The third consideration "in applying the first-to-file rule is the similarity of the issues presented in the two suits." *Herer*, 927 F. Supp. 2d at 1089; *Alltrade*, 946 F.2d at 625. The core of the dispute in each action relates to the contract claims under the SPCA and related amendments. Although dismissal under the first-to-file rule does not require the antecedent finding that the claims in the second-filed action are compulsory counterclaims in the first-filed action, such a finding bolsters the conclusion that the first-to-file rule is applicable. *See Pacesetter Sys., Inc.*, 678 F.2d at 94 (discussing the "essentially identical" nature of two pending actions but not applying Federal Rule of Civil Procedure 13(a) or addressing compulsory

PAGE 6 – OPINION AND ORDER

counterclaims); *Colortyme Fin. Servs., Inc. v. Kivalina Corp.*, 940 F. Supp. 269, 272 n.2 (D. Haw. 1996) (the "first-to-file rule can operate either independently or in conjunction with Rule 13(a)"); *see also* 6 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1418 (3d ed. 2014) ("Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action." (footnote omitted)).

The claims asserted by City Antiques in this action "arise out of the transaction or occurrence that is the subject matter" of Planned Furniture's complaint in the Connecticut Action. *Cf. Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013) (explaining that a counterclaim was not compulsory because it did not rest on the same "aggregate core of facts" as alleged by the plaintiff). In particular, City Antiques alleges various causes of action and requests declaratory relief related to the SPCA, amendments to that agreement, and the going out of business sale that City Antiques alleges that Planned Furniture improperly handled. Further, and as noted by Planned Furniture, the related nature of the parties' claims means that the lawsuits will involve the same witnesses, documents, and testimony. The Court finds that the claims raised by the parties are "essentially identical" and that this factor supports the application of the first-to-file rule. *See Pacesetter*, 678 F.2d at 94 (upholding the district court's application of the first-to-file rule where the cases brought by the parties were "essentially identical").

**4. Equitable Considerations**

A court may decline to apply the first-to-file rule based on "fairness considerations" or "equitable concerns." *See Alltrade*, 946 F.2d at 628. Specific circumstances under which an exception to the first-to-file rule will be made include bad faith, anticipatory suit, and forum-shopping. *Id.* City Antiques argues that the Court should decline to apply the first-to-file rule

PAGE 7 – OPINION AND ORDER

based on equitable considerations. City Antiques raises two equitable considerations: first, that the case is "properly before" this Court based on the parties' actions in Oregon; and second, that Planned Furniture filed an anticipatory lawsuit and engaged in forum-shopping.

Regarding whether the District of Oregon is the proper forum, the Court concludes that because the District of Connecticut is considering this issue in a motion to transfer pursuant to 28 U.S.C. § 1404(a), this Court should not address the issue. As discussed in *Alltrade*, an argument regarding the "respective convenience of the two courts . . . 'should be addressed to the court in the first-filed action.'" 946 F.2d at 628 (quoting *Pacesetter*, 678 F.2d at 96). Moreover, any apprehension that the District of Connecticut may fail appropriately to consider "the convenience of the parties and the witnesses" is not a matter for this Court's consideration. *Id.* (quoting *Pacesetter*, 678 F.2d at 96). Thus, any issues regarding convenience or the proper venue for this dispute should be decided by the District of Connecticut in the first instance.

City Antiques also asserts that Planned Furniture filed an anticipatory suit and engaged in forum-shopping in filing the Connecticut Action. City Antiques alleges that Planned Furniture filed suit after extensive negotiations between the parties and the receipt of a settlement letter sent on February 24, 2014 from City Antiques to Planned Furniture. The type of anticipatory suit referenced in the *Alltrade* opinion was a declaratory judgment action. *See Alltrade*, 946 F.2d at 628 (citing *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983) (affirming a district court's application of the first-to-file rule in a declaratory judgment action where the "Plaintiff caused Defendant to delay filing suit in California by representing that Plaintiff was considering the merits of [an insurance] claim and by allowing an extension of the one year limitation period"); *see also Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 217 (2d Cir. 1978) ("When the declaratory judgment action has been triggered by a notice letter, this

PAGE 8 – OPINION AND ORDER

equitable consideration may be a factor in the decision to allow the later action to proceed to judgment in the plaintiffs' chosen forum."), *abrogated on other grounds by Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990). Beyond whether the first-filed action requests declaratory relief, a court may find that a suit is anticipatory where the burden of proof or applicable law would vary depending on where the suit was filed, which is an aspect of forum-shopping. *See Mission Ins. Co.*, 706 F.2d at 602 n.3.

Planned Furniture argues that it did not file a traditional declaratory judgment action and cites to *Adidas America, Inc. v. Herbalife Int'l, Inc.*, 2010 WL 596584 (D. Or. Feb. 12, 2010), for the proposition that a declaratory judgment claim is not enough to defeat the first-to-file rule. The Court agrees. As explained by Judge Mosman, the anticipatory suit exception "does not apply simply because a party anticipates litigation and sues first to obtain its choice of forum." *Id.* at *2. Instead, it is where a party is denied its "'traditional choice of forum' because the other party lacked a 'preexisting motive for going to court' and filed suit based on 'specific, concrete indications that a suit . . . was imminent.'" *Id.* (quoting *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097-98 (N.D. Cal. 2006)).

The Court finds that the anticipatory suit exception to the first-to-file rule is inapplicable. Planned Furniture has an independent basis for its claims against City Antiques, specifically the damages Planned Furniture alleges it suffered as a result of the alleged breach by City Antiques of the SPCA and related amendments. Although Planned Furniture's fourth claim for relief in the Connecticut Action is for declaratory relief, Planned Furniture also alleges three independent claims. Further, it is not the case that Planned Furniture induced City Antiques into not filing a lawsuit sooner by making false promises. *See Mission Ins. Co.*, 706 F.2d at 600 (applying the first-to-file rule where the plaintiff caused the defendant to delay filing suit by making false

offers of compromise). Moreover, because the parties agree the contract is governed by Oregon law, there is no apparent benefit in the applicable law based on litigating the matter in the District of Connecticut. *See id.* at 602 n.3 (applying the first-to-file rule because the applicable law would be governed by the state where the suit was filed). Thus, there was no forum-shopping and Planned Furniture was entitled to choose a forum it finds convenient.

### 5.  Conclusion

In the interest of comity and judicial efficiency, the Court defers to the earlier filed Connecticut Action.

## B.  Remedy

"[W]hen cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, to stay, or to dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai*, 125 F.3d at 769. Where a short statute of limitations is applicable to a party's claims and "the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed." *Alltrade*, 946 F.2d at 629.

The applicable six-year statute of limitations for an "action upon a contract" under Oregon law, Or. Rev. Stat. § 12.080, means that there is little risk that City Antiques will be unable to file another lawsuit in the event the District of Connecticut dismisses the first-filed action. Therefore, the Court declines jurisdiction in favor of the District of Connecticut and dismisses City Antique's complaint without prejudice. *See Pacesetter*, 678 F.2d at 96 (affirming a dismissal where neither relevant action proceeded past the pleading stage, there were no bars to the second-filing parties presentation of its claims, and the first-filed action was capable of efficiently resolving all issues).

## CONCLUSION

The Court GRANTS Defendant Planned Furniture's motion to dismiss pursuant to Rule 12(b)(3) and the first-to-file rule. Dkt. 6. The Court DISMISSES WITHOUT PREJUDICE City Antiques' complaint.

**IT IS SO ORDERED**.

DATED this 12th day of August, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge